# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THOMAS ALEX FREED,<br><br>          Plaintiff,<br><br>vs.<br><br>PREMIER ROOFING COMPANY,<br><br>          Defendant. | 8:23CV379<br><br>FINDINGS AND<br>RECOMMENDATION |

      Plaintiff, Thomas Alex Freed, filed this action through counsel in state court on July 12, 2023. Defendant thereafter removed the case to this court. (Filing No. 1). On October 13, 2023, the Court entered a case progression order (Filing No. 13) setting deadlines for the case, including deadlines to complete written discovery, file motions to compel, and to complete depositions, and scheduled a telephonic planning conference at 10:00 a.m. on October 2, 2024.

      On July 11, 2024, counsel for Defendant emailed the chambers of the undersigned magistrate judge requesting a stay of the motion to compel deadline after receiving notice that Plaintiff's counsel would be seeking to withdraw from the case, and that Plaintiff was obtaining alternative counsel; defense counsel represented their position that Plaintiff's written discovery responses were deficient, but would wait until Plaintiff obtained new counsel to address such issues. (Filing Nos. 24-25).

      On July 19, 2024, the Court permitted counsel for Plaintiff to withdraw from their representation. (Filing No. 27). In the Court's Order permitting Plaintiff's counsel leave to withdraw, the Court advised Plaintiff that, unless substitute counsel enters a written appearance on his behalf, he would be deemed to be proceeding "pro se" and "must comply with all case progression deadlines, orders of this Court, the Federal Rules of Civil Procedure, and this district's Local Rules of Practice." The Court warned Plaintiff, "Failure to comply with these requirements may result in the imposition of sanctions, including payment of costs, attorneys' fees, and/or dismissal of the case." The Court required withdrawing counsel to "immediately serve a copy of this Order on Plaintiff and thereafter file proof of service showing compliance with this Order, listing the name and address of the person to whom notice was sent." (Filing No. 27 at p. 1). Withdrawing counsel complied and filed a signed certified mail receipt on July 29, 2024, showing "Erica Freed" received the Order at a residential address in Omaha, Nebraska. (Filing No. 28).

On September 30, 2024, Defendant filed a motion to extend case progression deadlines (Filing No. 30) because Plaintiff had been unresponsive to Defendant's emails and telephone calls, thereby preventing Defendant from conducting necessary discovery. The Court granted the motion on the same day, mailing a copy of the amended deadlines to Plaintiff. (Filing No. 31).

On October 2, 2024, the Court held the telephonic planning conference as scheduled. (Filing No. 32). The Court recorded this conference, which audio file was uploaded to the docket. (Filing No. 33). Plaintiff did not appear for the telephone conference. Counsel for Defendant appeared and advised the Court Plaintiff had not obtained new counsel or responded to any of defense counsel's communications. The Court rescheduled the telephonic planning conference for October 30, 2024, at 11:00 a.m. The Court warned Plaintiff that, "continued failure to respond to defense counsel's inquiries and failure to participate in the planning conference on October 30, 2024, will result in a recommendation that his case be dismissed for want of prosecution and failure to comply with Court Orders," citing NECivR 41.2 (providing, "At any time, after appropriate notice, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution.") and its prior Order at Filing No. 27 (warning Plaintiff that until he obtains substitute counsel, "he must comply with all court orders, and failure to do so may result in the imposition of sanctions, including . . . dismissal of the case"). The Court mailed a copy of this Order and a courtesy copy of the case conference instructions to Plaintiff at his address of record.

On October 30, 2024, the Court once again held the telephonic planning conference as scheduled. Despite the court's previous warnings, Plaintiff did not appear for the telephone call. The Court recorded this conference, which audio file was uploaded to the docket. (Filing No. 35). Defense counsel again informed the Court that, despite her attempts, she had been unable to reach Plaintiff and had made no progress on obtaining outstanding written discovery. Defense counsel also represented to the Court that she had sent Plaintiff a Notice of Deposition both by mail to his address of record and to his email address. Plaintiff's deposition was scheduled for October 29, 2024, but Plaintiff did not appear or otherwise contact defense counsel. Defense counsel states she has never had direct contact with Plaintiff, despite using the contact information provided by his former attorneys, and the last time she has been able to have any communication with Plaintiff was through his attorneys prior to their withdrawal from the case. For that reason, Defendant orally moved to dismiss the case, with prejudice.

To date, and despite multiple Court warnings, Plaintiff has not responded to any of Defendant's attempts to obtain discovery necessary to progress this case. Mail sent to Plaintiff's address of record has not been returned, and there is no indication Plaintiff has not been receiving notice of these court proceedings. As the Court previously warned Plaintiff, "At any time, after appropriate notice, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution." NECivR 41.2. For these reasons, the Court recommends dismissal of Plaintiff's complaint against Defendant, without prejudice. Accordingly,

**IT IS HEREBY RECOMMENDED** to Joseph F. Bataillon, Senior United States District Judge, that the above-captioned case be dismissed, without prejudice, for want of prosecution and failure to comply with Court orders.

Dated this 31st day of October, 2024.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

**ADMONITION**
A party may object to a magistrate judge's findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.